AO 245B   (Rev. 9/00) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED

APR 08 2011

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| Phuong Quoc Truong | Case Number: 07CR1312-JAH-01 |
| | Paul W. Blake, CJA |
| | Defendant's Attorney |

**REGISTRATION NO.** 03843298

☒ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons  (18 U.S.C. § 3582(c)(1))

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    One of the three-count indictment.

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 1962(d) | Conspiracy to Conduct the Affairs of an Enterprise Through a Pattern of Racketeering Activity. | 1 |

The defendant is sentenced as provided in pages 2 through ___16___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) __remaining__    is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $100.00.

☒ No fine    ☒ Property forfeited pursuant to order filed __June 9, 2008__ , included herein.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

March 29, 2011
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

07CR1312-JAH-01

AO 245B    (Rev. 9/00) Judgment in Criminal Case
           Sheet 2 — Imprisonment

Judgment — Page  2  of  16

DEFENDANT: Phuong Quoc Truong
CASE NUMBER: **07CR1312-JAH-01**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Forty-six months, concurrent to sentence imposed in case 08CR0746-JAH.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:
   The Court recommends the 500 hour drug treatment program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m.   on _____ .
      as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**07CR1312-JAH-01**

AO 245D    (Rev. 12/03) Judgment in a Criminal Case for Revocations
Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___16___

DEFENDANT: Phuong Quoc Truong
CASE NUMBER: 07CR1312-JAH-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Three years.

      The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of
future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer pursuant to 18 USC 3583(d).

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works,
or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**07CR1312-JAH-01**

AO 245B     (Rev. 9/00) Judgment in a Criminal Case
            Sheet 4 — Special Conditions

Judgment—Page __4__ of __16__

DEFENDANT: Phuong Quoc Truong
CASE NUMBER: **07CR1312-JAH-01**

# SPECIAL CONDITIONS OF SUPERVISION

[X] Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

[ ] If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer with   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

[X] Not engage in the employment or profession of gambler, or as a casino worker.

[X] Not gamble, frequent gaming establishments, or participate in gambling activities.

[ ] Participate in a treatment program for gambling addiction..

[ ] Not enter the or reside in         without written permission of the Court or probation officer.

[X] Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

[ ] Not possess any narcotic drug or controlled substance without a lawful medical prescription.

[ ] Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

[X] Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission.  The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.  The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

[ ] Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

[X] Mental health program should include treatment for gambling addiction.

[X] Provide complete disclosure of personal and business financial records to the probation officer as requested.

[ ] Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

[ ] Seek and maintain full time employment and/or schooling or a combination of both.

[ ] Resolve all outstanding warrants within         days.

[ ] Complete         hours of community service in a program approved by the probation officer within

[ ] Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

[X] Notify the Collections Unit of the United States Attorney's Office of any financial interests obtained or transacted, until restitution is is paid in full.

[ ] Remain in your place of residence for a period of                , except while working at verifiable employment, attending religious services or undergoing medical treatment.

[ ] Not engage in any form of telemarketing, as defined in 18 USC 2325, without the written permission of the probation officer.

[ ] Comply with the conditions of the Home Confinement Program for a period of                months and remain at your residence except for activities or employment as approved by the court or probation officer.  Wear an electronic monitoring device and follow procedures specified by the probation officer.  Pay the total cost of electronic monitoring services, or a portion if deemed appropriate by the probation officer.

[ ] Participate in a program of drug or alcohol abuse treatment, including urinalysis testing and counseling, as directed by the probation officer. The defendant may be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

**07CR1312-JAH-01**

AO 245S   Judgment in Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __16__

DEFENDANT: PHUONG QUOC TRUONG
CASE NUMBER: 07CR1312-JAH-01

# RESTITUTION

The defendant shall pay restitution in the amount of _____ $5,753,416 _____ unto the United States of America.

This sum shall be paid  __✗__  immediately.
                        __✗__  as follows:

Pay restitution in the amount of $5,753,416, jointly and severally, through the Clerk, U.S. District Court, to the victims in the amounts specified, payable forthwith or through the Inmate Financial Responsibility Program at a rate of $25.00 per quarter during the period of incarceration, with the payment of any remaining balance to be made following the defendant's release from prison at the rate of $500.00 per month. Distribution of restitution to the victims is to be on a pro rata basis. See attachment. Restitution order is concurrent to case 08CR0746-JAH.

The Court has determined that the defendant __does not__ have the ability to pay interest. It is ordered that:

__✗__   The interest requirement is waived.

____   The interest is modified as follows:

07CR1312-JAH-01

**RESTITUTION CHART FOR PHUONG QUOC TRUONG
CASE NOS. 07-CR-1312-JAH; 08-CR-00746-JAH**

that Court order defendant PHUONG QUOC TRUONG to pay total restitution concurrently in Case Nos. 07-CR-1312-JAH and 08-CR-00746-JAH of $5,753,416 to the following victims in the amounts specified, joint and several as specified:[1]

<u>Sycuan Resort and Casino</u>

$2,965 to Sycuan Resort and Casino, 3007 Dehesa Road, El Cajon, CA 92019.

<u>Cache Creek Indian Bingo and Casino</u>

$297,173 to Cache Creek Indian Bingo and Casino, P.O. Box 65, Brooks, CA 95606, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| George Michael Lee | $117,488 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Son Hong Johnson | $297,173 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Han Truong Nguyen | $297,173 | 07-CR-1312-JAH | DE 366 |

---

[1] Listed defendants have entered guilty pleas.  Those already sentenced have Docket Entry for Judgment.

**EXHIBIT 1**

Emerald Queen Casino

$251,634 to Emerald Queen Casino, 2024 East 29th Street, Tacoma, Washington 98404, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Martin Lee Aronson | $251,634 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $251,634 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Hogan Ho | $ 29,000 | 08-CR-3040-JLS | DE 310 |
| Outtama Keovongsa | $  8,500 | 08-CR-3040-JLS | DE 295 |
| Leap Kong | $ 20,700 | 08-CR-3040-JLS | DE 263 |
| Darrell Saicocie | $ 26,900 | 08-CR-3040-JLS | DE 307 |
| Phally Ly | $  8,750 | 08-CR-3143-DMS | DE 28 |
| Sisouvanh Mounlasy | $ 28,000 | 08-CR-2519-JM | DE 46 |
| Navin Nith | $ 29,350 | 08-CR-2958-WQH | DE 30 |
| Roderick Vang Thor | $ 27,500 | 08-CR-2643-JAH | DE 23 |

**EXHIBIT 1**

<u>Isle of Capri, Westlake</u>

    $813,603 to Isle of Capri, 100 Westlake Avenue, Westlake, LA 70669, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Martin Lee Aronson | $813,603 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $813,603 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $101,160 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $813,603 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Tuan Mong Le | $ 81,160 | 07-CR-1312-JAH | DE 440 |
| Hogan Ho | $108,510 | 08-CR-3040-JLS | DE 310 |
| Thang Viet Huynh | $114,775 | 08-CR-3040-JLS | |
| Hop Nguyen | $ 64,488 | 09-CR-0228-WQH | DE 27 |

**EXHIBIT 1**

## Isle of Capri, Bossier City

$255,550 to Isle of Capri, 711 Isle of Capri Blvd., Bossier City, LA 71111, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Martin Lee Aronson | $255,550 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $255,550 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $ 19,625 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $255,550 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Tuan Mong Le | $203,375 | 07-CR-1312-JAH | DE 440 |
| Qua Le | $ 40,700 | 08-CR-3040-JLS | DE 273 |
| Hop Nguyen | $ 47,750 | 09-CR-0228-WQH | DE 27 |

## Monte Carlo Resort and Casino

$24,225 to Monte Carlo Resort and Casino, 2770 Las Vegas Blvd. South, Las Vegas, NV 89109, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Martin Lee Aronson | $ 24,225 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $ 24,225 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Son Hong Johnson | $ 24,225 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Thang Viet Huynh | $ 24,225 | 08-CR-3040-JLS | |

## Beau Rivage Casino

$304,536 to Beau Rivage Casino, 875 Beach Blvd., Biloxi, MS 39530, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|-----------|--------|----------|----------|
| Phat Ngoc Tran | $ 66,000 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $304,536 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| George Michael Lee | $304,536 | 07-CR-1312-JAH<br>07-CR-3241-JAH<br>07-CR-3255-JAH | DE 651<br>DE 15<br>DE 14 |
| Tien Duc Vu | $ 66,000 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $304,536 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $ 56,100 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $304,536 | 07-CR-1312-JAH | DE 440 |
| Thang Viet Huynh | $ 44,870 | 08-CR-3040-JLS | |
| Hop Nguyen | $ 21,000 | 09-CR-0228-WQH | DE 27 |

**EXHIBIT 1**

## Mohegan Sun Casino

$540,125 to Mohegan Sun Casino, 1 Mohegan Sun Blvd., Uncasville, CT 06382, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|-----------|--------|----------|----------|
| Phat Ngoc Tran | $540,125 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $540,125 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Liem Thanh Lam | $104,425 | 07-CR-1312-JAH | DE 439 |
| Tien Duc Vu | $379,225 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $540,125 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $514,400 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $540,125 | 07-CR-1312-JAH | DE 440 |
| Duc Cong Nguyen | $422,600 | 07-CR-1312-JAH | DE 624 |
| Han Truong Nguyen | $515,500 | 07-CR-1312-JAH | DE 366 |

**EXHIBIT 1**

## Foxwoods Resort Casino

$945,530 to Foxwoods Resort Casino, 39 Norwich-Westerly Road, Ledyard, CT 06339, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|-----------|--------|----------|----------|
| Phat Ngoc Tran | $945,530 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $540,125 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Tien Duc Vu | $906,005 | 07-CR-1312-JAH<br>08-CR-2069-JAH | DE 660<br>DE 17 |
| Son Hong Johnson | $945,530 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Barry Wellford | $945,530 | 07-CR-1312-JAH | |
| Willy Tran | $945,530 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $945,530 | 07-CR-1312-JAH | DE 440 |
| Duc Cong Nguyen | $522,455 | 07-CR-1312-JAH | DE 624 |

**EXHIBIT 1**

Resorts East Chicago Casino

$1,052,475[2] to Resorts East Chicago Casino, East Chicago, IN, c/o Nicolas R. Amato, Resorts International Holdings, Atlantic City Hilton Hotel and Casino, Boston and Boardwalk, Atlantic City, NJ 08401, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|-----------|--------|----------|----------|
| Phat Ngoc Tran | $1,052,475 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $1,052,475 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $1,052,475 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $1,052,475 | 07-CR-1312-JAH | DE 475 |
| Thang Viet Huynh | $    77,854 | 08-CR-3040-JLS | |

[2]  The government's spreadsheet of restitution amounts due to victim casinos, calculates the loss to Resorts East at $1,563,775.  Resorts East was reimbursed $511,300 by Federal Insurance.  $1,563,775 - $511,300 = $1,052,475, the figure used. Resorts East Casino claimed a loss of $1,603,367, which is $39,592 more than the government's figure.  Since Federal Insurance paid Resorts East for approximately 33% of the loss, restitution is split 67% to Resorts East and 33% to Federal Insurance.  Thang Viet Huynh cashed out $116,200 at Resorts East. $116,200 X 67% = $77,854 in restitution to the casino and $38,346 to Federal Insurance.  Although a CTR-C shows Han Truong Nguyen was at Resorts East, the casino is not listed as a victim for Restitution in his Judgment (DE 366), however Federal Insurance is listed for $808,300.

Federal Insurance Co.

$511,300 to Federal Insurance Co., Mark Ross Esq., 600 Jefferson Street, Ste. 512, Lafayette, LA 70501, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phat Ngoc Tran | $511,300 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $511,300 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $511,300 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $511,300 | 07-CR-1312-JAH | DE 475 |
| Han Truong Nguyen | $511,300 | 07-CR-1312-JAH | DE 366 |
| Thang Viet Huynh | $ 38,346 | 08-CR-3040-JLS | |

Majestic Star Casino

$273,075 to Majestic Star Casino, 1 Buffington Harbor Drive, Gary, Indiana 46406, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phat Ngoc Tran | $273,075 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $273,075 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Son Hong Johnson | $273,075 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Willy Tran | $192,775 | 07-CR-1312-JAH | DE 475 |

**EXHIBIT 1**

Horseshoe Casino

$429,825 to Horseshoe Casino,[3] Attn:  John Taylor, 1021 Casino Center Drive, Robinsonville, MS 38664, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phat Ngoc Tran | $429,825 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $429,825 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Liem Thanh Lam | $ 99,000 | 07-CR-1312-JAH | DE 439 |
| Son Hong Johnson | $429,835 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Barry Wellford | $268,625 | 07-CR-1312-JAH | |
| Willy Tran | $429,835 | 07-CR-1312-JAH | DE 475 |
| Tuan Mong Le | $239,800 | 07-CR-1312-JAH | DE 440 |
| Han Truong Nguyen | $ 99,000 | 07-CR-1312-JAH | DE 366 |
| Renee Cuc Quang | $ 80,000 | 08-CR-3041-JAH | DE 21 |

---

[3]  Combines both Horseshoe Casinos in Bossier City and Tunica.

**EXHIBIT 1**

### Gold Strike Casino and Resort

$51,400 to Gold Strike Casino and Resort, 1010 Casino Center Drive, Robinsonville, MS 38664, joint and several with:

| Defendant | Amount | Case No. | Judgment |
|---|---|---|---|
| Phat Ngoc Tran | $ 51,400 | 07-CR-1312-JAH | DE 659 |
| Martin Lee Aronson | $ 51,400 | 07-CR-1312-JAH<br>08-CR-0158-JAH | DE 695<br>DE 16 |
| Liem Thanh Lam | $ 51,400 | 07-CR-1312-JAH | DE 439 |
| Son Hong Johnson | $ 51,400 | 07-CR-1312-JAH<br>08-CR-1867-JAH | DE 701<br>DE 16 |
| Barry Wellford | $ 51,400 | 07-CR-1312-JAH | |
| Willy Tran | $ 51,400 | 07-CR-1312-JAH | DE 475 |
| Renee Cuc Quang | $ 51,400 | 08-CR-3041-JAH | DE 21 |

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10    UNITED STATES OF AMERICA,           )    Criminal No. 07cr1312-JAH
                                          )
11                      Plaintiff,        )    FIRST AMENDED ORDER OF
                                          )    CRIMINAL FORFEITURE
12          v.                            )
                                          )
13    PHUONG QUOC TRUONG (1),             )
        aka "Pai Gow" John,               )
14      aka John Truong,                  )
                                          )
15                      Defendant.        )
                                          )
16    _____)

17          On April 2, 2008, this Court entered its Preliminary Order of Criminal Forfeiture, which

18    condemned and forfeited to the United States all right, title and interest of PHUONG QUOC

19    TRUONG (1) in the properties listed in the Forfeiture Allegations of the Indictment, namely,

20                 a.    Approximately $12,957.00 in U.S. currency.

21                 b.    1361 Surfwood Lane, San Diego, California, owned and used by defendant
                         and Van Thu Tran.
22
                   c.    10503 Laurel Path, Escondido, California, owned and used by defendant
23                       and Van Thu Tran.

24                 d.    2001 Porsche Carrera 911 VIN WP0AB29941S685265, registered to
                         defendant.
25
                   e.    2007 Toyota Tacoma Truck, VIN 5TEJU62N97Z342528, registered to
26                       defendant.

27                 f.    2002 Dodge Ram Van, VIN 2B6HB11Y22K135915, registered to
                         defendant.
28    //

g.  Rolex Presidential watch, owned by defendant.

h.  White gold ring with one 3.00 carat diamond and 28 tapered baguettes of 1.00 total carat weight, owned by defendant.

i.  White gold Mercedes logo pendant with one 2.09 carat diamond and 104 diamonds of 2.00 total carat weight and a 20 inch gold chain, owned by defendant.

j.  Property owned by defendant in Vietnam, but held in the name of a relative of Van Thu Tran, of an approximate value of $50,000. Defendant has agreed to sell this property at fair market value and to forward the proceeds for forfeiture in accordance with instructions from the Internal Revenue Service before sentencing in this case.

k.  Property with a house, located at address # 4-114 Duong Vinh Chau, TX-Bac Lieu Tinh Bac Lieu, in Bac Lieu, Vietnam; owned by defendant, but held in the name of a relative of Van Thu Tran, of an approximate value of $125,000. Defendant has agreed to sell this property at fair market value and to forward the proceeds for forfeiture in accordance with instructions from the Internal Revenue Service before sentencing in this case.

On April 11, 18 and 25, 2008, the United States published, in a newspaper of general circulation, notice of the Court's Order and the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the properties.

On April 23, 2008, Notice of Order of Forfeiture was sent by certified mail as follows:

| Name and Address | Article No. | Result |
|---|---|---|
| Van Thu Tran<br>10503 Laurel Path<br>Escondido CA 92026 | 7004 2510 0003 3014 8602 | Signed for as received on 4/25/08 |
| Van Thu Tran<br>c/o Jason Ser<br>Federal Defenders of San Diego<br>225 Broadway,<br>Suite 900<br>San Diego, CA 92101-5008 | 7004 2510 0003 3014 8633 | Signed for as received on 4/24/08 |
| C.T. Corporation System<br>Agent for Service of Process for<br>National City Mortgage Co.<br>818 West Seventh Street<br>Los Angeles CA 90017 | 7004 2510 0003 3014 8619 | Signed for as received on 4/24/08 |

//

| Name and Address | Article No. | Result |
|---|---|---|
| Toyota Motor Credit Corporation Attn: Tony Griffin, Collect. Mgr. Lexus Financial Services 3000 West Ray Road Chandler AZ 85226 | 7004 2510 0003 3014 8596 | Signed for as received on 4/28/08 |
| Theresa M. Marchlewski Agent for Service of Process for Washington Mutual Bank, F.A. 9200 Oakdale Avenue N. 1107101 Chatsworth CA 91311 | 7004 2510 0003 3014 8626 | Signed for as received on 4/28/08 |

On or about August 21, 2008, Toyota Motor Credit Corporation ("Toyota") sent a Petition for Remission to the Internal Revenue Service. Toyota's claim to the above-referenced 2007 Toyota Tacoma Truck, VIN 5TEJU62N97Z342528 ("Toyota Tacoma"), is based upon a contract with the Defendant dated December 27, 2006. The Court hereby recognizes the validity and priority of the interest of Toyota Motor Credit Corporation in the Toyota Tacoma. The right of the United States to pay at any time following the entry of the First Amended Order of Criminal Forfeiture the amount of the secured interest of Toyota in the Toyota Tacoma is reserved.

On or about June 2, 2008, a representative of National City Mortgage Company ("NCMC") indicated to the United States Attorney's Office that NCMC intended to file a Petition for Ancillary Hearing regarding the real property located at 1361 Surfwood Lane, San Diego, California. The Court hereby recognizes the validity and priority of the lienhold interest of NCMC in the Surfwood Lane property. The United States has consented to the foreclosure of the deed of trust in favor of NCMC based upon the existing defaults on the underlying promissory note secured by the Surfwood Lane property. If the defaults are cured or there are any excess proceeds following the foreclosure sale by NCMC, the United States may proceed with the forfeiture and sale of the Surfwood Lane property or the remaining excess proceeds.

On June 3, 2008, Washington Mutual Bank ("WMB") filed a Petition for Ancillary Hearing regarding the real property located at 10503 Laurel Path, Escondido, California. The Court hereby recognizes the validity and priority of the lienhold interest of WMB in the Laurel Path property.

//

//

1   The right of the United States to pay at any time following the entry of the First Amended Order

2   of Criminal Forfeiture the amount of the secured interest of WMB in the Laurel Path property is

3   reserved.

4       Thirty (30) days have passed following the final date of notice by publication and notice

5   by certified mail, and no third party other than Toyota, WMB and NCMC has made a claim to or

6   declared any interest in the forfeited properties described above.

7       Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, as a result

8   of the failure of any third party except Toyota Motor Credit Company, National City Mortgage

9   Company and Washington Mutual Bank to come forward or file a petition for relief from

10  forfeiture as provided by law, all right, title and interest of PHUONG QUOC TRUONG and any

11  and all third parties in the following properties, other than the interests of the above-referenced

12  lienholders, are hereby condemned, forfeited and vested in the United States of America:

13      a.    Approximately $12,957.00 in U.S. currency.

14      b.    1361 Surfwood Lane, San Diego, California, owned and used by defendant
15          and Van Thu Tran.

16      c.    10503 Laurel Path, Escondido, California, owned and used by defendant
        and Van Thu Tran.

17      d.    2001 Porsche Carrera 911 VIN WP0AB29941S685265, registered to
18          defendant.

19      e.    2007 Toyota Tacoma Truck, VIN 5TEJU62N97Z342528, registered to
        defendant.

20      f.    2002 Dodge Ram Van, VIN 2B6HB11Y22K135915, registered to
21          defendant.

22      g.    Rolex Presidential watch, owned by defendant.

23      h.    White gold ring with one 3.00 carat diamond and 28 tapered baguettes of
        1.00 total carat weight, owned by defendant.

24      i.    White gold Mercedes logo pendant with one 2.09 carat diamond and 104
25          diamonds of 2.00 total carat weight and a 20 inch gold chain, owned by
        defendant.

26      j.    Property owned by defendant in Vietnam, but held in the name of a relative
        of Van Thu Tran, of an approximate value of $50,000. Defendant is hereby
27          directed to sell this property at fair market value and to forward the
        proceeds for forfeiture in accordance with instructions from the Internal
28          Revenue Service before sentencing in this case.

07cr1312

1

k. Property with a house, located at address # 4-114 Duong Vinh Chau, TX-Bac Lieu Tinh Bac Lieu, in Bac Lieu, Vietnam; owned by defendant, but held in the name of a relative of Van Thu Tran, of an approximate value of $125,000. Defendant is hereby directed to sell this property at fair market value and to forward the proceeds for forfeiture in accordance with instructions from the Internal Revenue Service before sentencing in this case.

2

3

4

5

IT IS FURTHER ORDERED that costs incurred by the Federal Bureau of Investigation,

6

7

United States Internal Revenue Service and any other governmental agencies which were incident

8

to the seizure, custody and storage of the properties be the first charge against the forfeited

9

properties.

10

IT IS FURTHER ORDERED that the Federal Bureau of Investigation and the Internal

11

Revenue Service shall dispose of the forfeited properties according to law and shall deposit the

12

proceeds thereof into the DOJ Asset Forfeiture Fund or the Treasury Forfeiture Fund, as

13

appropriate.

14

DATED: June 9, 2008

15

16

JOHN A. HOUSTON
United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

5      07cr1312